IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00233-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHELLE R. PAUP,

     Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Unopposed Motion for Release Pending Appeal [Docket No. 112] filed by defendant Michelle Paup.

Pursuant to a December 20, 2013 violation notice [Docket No. 1] and the Information [Docket No. 6] filed by the government on August 14, 2014, defendant was charged in Count One of the Information with theft of government property of a value less than $1000 in violation of 18 U.S.C. § 641 and charged in Count Two of the Information with unlawfully removing theft detection devices from merchandise at the Army Air Force Exchange Services without authorization in violation of 18 U.S.C. § 13 and Colo. Rev. Stat. § 18-4-417.  Docket No. 6 at 1-2.  Both crimes are misdemeanors. Docket No. 6-1.  Defendant consented to trial, judgment, and sentencing before a United States Magistrate Judge.  Docket No. 7.

Beginning on February 23, 2015, United States Magistrate Judge Kathleen M. Tafoya presided over a three-day jury trial.  Docket No. 57.  The government called

several witnesses and Ms. Paup testified in her own defense.  On cross examination,

over defense counsel's objection, the government asked Ms. Paup about a pending

state court shoplifting charge.  Docket No. 103 at 118-119.  The jury found defendant

guilty of Counts One and Two.  Docket No. 59-3.  On May 22, 2015, the magistrate

judge sentenced defendant to 30 days imprisonment for each count, to be served

concurrently, and one year of supervised release on each count, to be served

concurrently.  Docket No. 67 at 2; Docket No. 74 at 2-3.  Defendant was initially ordered

to report to the United States Bureau of Prisons on June 23, 2015 to begin serving her

term of imprisonment.  Docket No. 97 at 1.

On May 22, 2015, defendant filed a pro se notice of appeal to the United States

Court of Appeals for the Tenth Circuit, indicating that she wished to appeal her

sentence.  Docket No. 68.  The Tenth Circuit dismissed defendant's appeal for lack of

jurisdiction.  Docket No. 77 at 1-2.  Pursuant to 18 U.S.C. § 3402 and *United States v.*

*Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008), defendant's notice of appeal vested

jurisdiction over defendant's appeal with this Court.

On June 8, 2015, Ms. Paup filed a pro se motion seeking to stay the imposition

of her sentence pending appeal.  Docket No. 85.  On June 15, 2015, the duty

magistrate judge granted defendant's trial counsel's motion to withdraw and appointed

the Federal Public Defender as counsel for defendant's appeal.  Docket No. 90.  On

June 17, 2015, defense counsel filed an expedited request for the transcripts from Ms.

Paup's trial and sentencing.  Docket No. 96.  On June 17, 2015, defense counsel filed

the motion for a temporary stay of Ms. Paup's sentence so as to give counsel sufficient

time to review the trial and sentencing transcripts.  Docket No. 97.  The Court vacated

Ms. Paup's June 23, 2015 self-surrender date and ordered that her § 3143(b) motion be

filed within 21 days after receipt of the record.  Docket No. 98 at 3.  The Court has not

yet imposed a new self-surrender date.

On August 3, 2015, Ms. Paup filed the present § 3143(b) motion, seeking to

remain free on personal recognizance during the pendency of her appeal.  Docket No.

112 at 21.  The government does not oppose Ms. Paup's motion.  *Id.* at 1.

## I. ANALYSIS

Although this Court is technically acting in the capacity of an appellate court, the

Court finds that it has jurisdiction to rule on defendant's motion.  *See* 18 U.S.C.

§ 3141(b) ("A judicial officer of a court of original jurisdiction over an offense, or a

judicial officer of a Federal appellate court, shall order that, pending imposition or

execution of sentence, or pending appeal of conviction or sentence, a person be

released or detained under this chapter."); *United States v. Snyder*, 946 F.2d 1125,

1126-27 (5th Cir. 1991) (interpreting § 3141 and § 3143 as providing that "[a]ll levels in

the federal system have jurisdiction to determine a bail application while the

defendant's petition for certiorari is pending").

> [T]he judicial officer shall order that a person who has been found guilty of
> an offense and sentenced to a term of imprisonment, and who has filed an
> appeal or a petition for a writ of certiorari, be detained, unless the judicial
> officer finds--
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or
> pose a danger to the safety of any other person or the community if released
> under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial
> question of law or fact likely to result in--

**(i)** reversal,

**(ii)** an order for a new trial,

**(iii)** a sentence that does not include a term of imprisonment, or

**(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  A defendant must establish § 3143(b)(1)(A) by clear and convincing evidence, and the remaining requirements by a preponderance of the evidence.  *United States v. Meyers*, 95 F.3d 1475, 1489 (10th Cir. 1996).

The Court turns to the question of whether Mr. Paup is a flight risk or danger to the community.  In a letter to her attorney, Ms. Paup states that she is married and the primary caretaker for her three children, ages 3, 10, and 15, and for her two grandchildren, ages 1 and 2.  Docket No. 112-1 at 3.  She is a stay-at-home mother, her husband travels for work, and she states that there are no other family members in the area who can care for her children.  *Id.*  There is no indication that Ms. Paup would abandon her child-care responsibilities in order to avoid the consequences of this case.  Ms. Paup states that she is seeing a therapist weekly for her mental health issues.  *Id.* at 2.  Defense counsel represents that Ms. Paup has attended to her state court criminal case as well.  Docket No. 112 at 5.  At sentencing, the magistrate judge did not find that Ms. Paup was a flight risk.  Docket No. 104 at 48:11-12.  Defense counsel states that she is unaware of the government or the probation department expressing concerns about Ms. Paup's behavior on release.  In the absence of argument to the contrary, the Court is satisfied by clear and convincing evidence that Ms. Paup is not a flight risk or a danger to the community.

Ms. Paup asserts that this appeal is not brought for the purpose of delay.

Docket No. 112 at 6.  Based upon those assertions and the appellate issues Ms. Paup

raises in the present motion, the Court finds that Ms. Paup has satisfied this element.

The Tenth Circuit employs a two-part test to determine whether a defendant has

satisfied the remainder of § 3143(b)(1)(B).  *See United States v. Affleck*, 765 F.2d 944,

952 (10th Cir. 1985).  First, defendant must establish that her appeal raises a

substantial question of law or fact, which the Tenth Circuit has defined as a question

that "is one of more substance than would be necessary to a finding that it was not

frivolous.  It is a 'close' question or one that very well could be decided the other way."

*Id.* (quotations omitted).  Ms. Paup argues that the magistrate judge erred in allowing

the government to cross examine her regarding a shoplifting arrest, which was

unrelated to the present case.  Docket No. 112 at 14-15.  In August 2013, Ms. Paup

was issued a summons charging her with shoplifting from a Kohl's department store in

Douglas County, Colorado (the "Douglas County charge").  Docket No. 103 at 54:13-

55:15.  At the time of trial, Ms. Paup had not been convicted of the charge.  *Id.*  Prior to

Ms. Paup taking the stand, and outside the presence of the jury, the government

indicated that it intended to introduce Fed. R. Evid. 404(b) evidence of "a similar

incident that happened in approximately August of 2013 at a Kohl's retail store,"

reasoning that Ms. Paup's testimony may open the door to the use of such evidence to

show "knowledge, absence of mistake, or some type of planners scheme or modus

operandi."  Docket No. 102 at 167:24-168:5.  Before the government's cross

examination of Ms. Paup, the parties and the court discussed the admissibility the

Douglas County charge.  Defense counsel objected, noting that Ms. Paup had not been

5

convicted and that the Douglas County charge and her federal charges were not

similar.  Docket No. 103 at 56:6-7.  The court ruled

> I'm going to let you go into to some extent.  But the reason I'm doing it is because it is highly probative of what Ms. Paup just testified to.  She had an excuse that was either accident or mistake for every single thing on the tape; accident that it was left in her purse, mistake that she took the boots out of the box, no intent, didn't mean to do it, didn't know where to pay.
>
> So all of those things have brought into stark reality mistake, accident, and the things that 404(B) is designed to look at.  So I would say knowledge, absence of mistake or accident, and for those purposes.  So I am going to admit it.
>
> \*          \*          \*
>
> I have considered this evidence under [Fed. R. Evid.] 403.  I did say the reason why I find it so probative, but that is not to say that I don't understand that it is highly prejudicial as well.  But I think the probative value given her testimony outweighs the prejudicial effect.

*Id.* at 56:9-21; *Id.* at 58:17-22.  The court indicated that it intended to give the jury a

limiting instruction.  *Id.* at 56:22-25.

During cross examination, the court read a limiting instruction regarding other

acts evidence, *id.* at 117:1-19, after which government counsel and Ms. Paup had the

following exchange:

> Q  On August 29th, 2013, at a Kohl's either in Arapahoe or Douglas County you were confronted about a shoplifting incident?
>
> A  Yes.
>
> Q  And on September 30th, 2013 a criminal complaint was issued in state court on a crime of concealing goods?
>
> A  Concealing goods?
>
> Q  That is a state offense; is that right?
>
> A  I don't know the law terminology.

*        *        *

A  I was given a summons, yes.

Q  Okay.  And what did the summons assert that you had done wrong?

A  It said that it was – I can't remember the exact same name, but shoplifting basically.

Q  And it mentioned concealing goods as the lead charge on that case?

A  I don't recall that being the lead charge, but nothing was concealed.

Q  There's an additional charge for removal of theft detection devices?

A  No, there was not.

Q  Is there a charge for tampering with theft detection?

A  No.

Q  You would agree that a criminal complaint filed in a state court is a pretty clear indication that the way one is behaving as a shopping is not appropriate?

A  I would agree to that, yes.

*Id.* at 118:9-19:19.

Ms. Paup intends to argue on appeal that it was error for the court to allow the government to mention the Douglas County charge, and that this issue raises a substantial question.  Docket No. 112 at 15.  Evidence of crimes, wrongs, or other acts is admissible only for limited purposes.  *See* Fed. R. Evid. 404(b).  Thus, such evidence must satisfy several requirements in order to be admissible.  *United States v. Robinson*, 978 F.2d 1554, 1559 (10th Cir. 1992).  "The mere fact that an arrest was made is not, in and of itself, a 'prior bad act' which the prosecution may introduce into evidence. Evidence of prior arrest or the lodging of charges should not itself be admitted under

Rule 404(b), since neither has been traditionally viewed as sufficiently probative of the basic question of whether the underlying act occurred." *Id.* (quotations omitted). "Rule 404(b) allows evidence concerning the prior activity of a particular defendant, not simply testimony that records indicate an arrest took place." *Id.* at 1560. Thus, evidence that a person was charged in another criminal proceeding, "without any evidence of the particular act or circumstance that would tend to show [the limited purpose for admissibility] should not [be] admitted as an 'other crime[], wrong[], or act[]' under Fed. R. Evid. 404(b)." *Id.*

The Court agrees that Ms. Paup's argument regarding the admissibility of the Douglas County charge raises a substantial question of law or fact. Ms. Paup was asked several questions about the Douglas County charge and, although she did not recall the details of the charge, the mere fact of the charge itself does not necessarily establish that the defendant committed the extrinsic act charged. *See Robinson*, 978 F.2d at 1559. The government appears to have introduced the Douglas County charge in response to Ms. Paup's testimony that there are no laws regarding how to be as a shopper, Docket No. 103 at 117:21-25; however, because ignorance of the law is no defense to a criminal prosecution, *see United States v. Rampton*, 762 F.3d 1152, 1157 (10th Cir. 2014), the probative value of such testimony is unclear at best. Thus, the Court finds, by a preponderance of the evidence, that the question of whether it was error to allow the government to question Ms. Paup regarding the Douglas County charge is a question that could very well be decided the other way. *See Affleck*, 765 F.2d at 952.

The second prong of § 3143(b)(1)(B) requires a defendant to establish that, assuming the substantial question of law or fact is decided in her favor on appeal, the appeal is likely to result in reversal, an order for a new trial on all counts on which imprisonment has been imposed, or a reduced sentence of imprisonment or a sentence of no imprisonment at all.  *See* § 3143(b)(1)(B)(i)-(iv); *Affleck*, 765 F.2d at 953.  The improper admission of Rule 404(b) evidence does not always require reversal.  *See Robinson*, 978 F.2d at 1560.  Rather, an "error which does not affect substantial rights does not require reversal."  *Id.*  The error must be considered in relation to all else that happened, including whether a proper limiting instruction was given and whether there was overwhelming evidence of guilt.  *Id.*; *see also United States v. Wilson*, 244 F.3d 1208, 1218 (10th Cir. 2001).  Here, there appears to have been substantial evidence of Ms. Paup's guilt.  However, without the aid of the entire record, the Court cannot conclude that, assuming the admission of the Douglas County charge was error, the error did not affect Ms. Paup's substantial rights.  Where prior arrests or charges are concerned, "the potential for prejudice is high and past arrests have little probative value because '[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness.'"  *Wilson*, 244 F.3d at 1217 (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948)).  Although the court gave the jury a limiting instruction, Ms. Paup's argument regarding the Douglas County charge is that there was no appropriate limited purpose for which the jury could consider such evidence.  Thus, the Court finds by a preponderance of the evidence that Ms. Paup has established that, assuming her successful litigation of the issue, her appeal is likely to

result in reversal.

Because Ms. Paup has satisfied § 3143(b)(1) as to her appeal of the admission of the Douglas County charge, the Court will stay her sentence of imprisonment pending the resolution of this appeal.  The Court does not reach Ms. Paup's remaining arguments.

The Court has not set a briefing schedule in this case and, given the somewhat unique posture of this case, it is not clear that the Federal Rules of Appellate Procedure apply as a matter of course to dictate a briefing schedule.  Nonetheless, the Court will impose a briefing schedule in accordance with Fed. R. App. P. 31(a).

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Ms. Paup's Unopposed Motion for Release Pending Appeal [Docket No. 112] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. App. P. 31(a), Ms. Paup shall file her opening brief 40 days after the record is filed.  If the complete record has already been produced, Ms. Paup shall file her opening brief within 30 days of this order.  The parties shall thereafter submit their briefs in accordance with Fed. R. App. P. 31(a).  The parties need not submit paper copies of their briefs unless directed to do so by the Court.

DATED September 2, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge